IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

JOHN VAN DE LINDT

   Plaintiff,

vs.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD

   Defendant.

## COMPLAINT

  COMES NOW the Plaintiff, John van de Lindt, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

### PARTIES

  1. Plaintiff, John van de Lindt, is a natural person and citizen of the State of Colorado, with a current address of 4332 Picadilly Drive, Fort Collins, Colorado 80526.

  2. Defendant, Rocky Mountain Hospital and Medical Service, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of health insurance claims.  The Defendant's registered agent for service of process is C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

## JURISDICTION AND VENUE

3.      At all pertinent times, Defendant Anthem insured, administered, and/or was otherwise responsible for the handling of claims for the employee benefit plan which provides health insurance benefits to employees of Colorado State University ("CSU"), hereinafter "the Plan." Upon information and belief, the Plan has delegated to Defendant Anthem its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for health insurance benefits. Upon further information and belief, Defendant Anthem also insures the Plan, and is therefore acting pursuant to a conflict of interest.

4.      Plaintiff was an active and full-time employee of CSU. Thus, and by virtue of said employment and status, Plaintiff and his family members were covered by the provisions of the Plan, including eligibility for health insurance benefits.

5.      Plaintiff and Defendants are citizens of different states, and the amount in controversy, including the unpaid insurance benefits, attorney fees and costs, interest on unpaid benefits, etc., far exceed $75,000.00.

6.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, wherein Defendant regularly conduct business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

7.      Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

8.      At all pertinent times, Plaintiff was employed by CSU, and was an active and full-time employee.

9. As an active and full-time employee, Plaintiff was eligible to, and did, participate in CSU's various employee benefit plans (including the Plan which provides health insurance benefits) known as the "Colorado State University Gold Plan."

10. The Plan includes coverage for the Plaintiff's immediate family members, including his dependent children.

11. Although an employer-sponsored group disability plan, upon information and belief, the policy is not subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), and is governed by Colorado law, because Plaintiff is a government employee.

12. The Plan provides medical benefits to its members and their beneficiaries, including coverage for gender affirmation care and/or for sex reassignment surgery (referenced generally in the policy as "Transgender Surgery").

13. In or around 2021, Plaintiff's dependent child was diagnosed with gender dysphoria, requiring extensive treatment and care. This included but is not limited to sex reassignment surgery (with related procures), hormone replacement therapy, and counseling.

14. Plaintiff's dependent began care for gender affirmation with treatment in April 2021. Plaintiff timely requested approval and payment for said treatment from Defendant, and attempted to work with Defendant throughout 2021 and 2022, and thereafter, to provide the information necessary to have all related claims processed and approved.

15. Defendant paid for some of this care as medically necessary, including a gender reassignment surgery in 2022.

16. Defendant thereafter denied other aspects of Plaintiff's claim, including but not limited to facial feminization surgery, and has maintained that denial since, alleging it is not a

3

covered service because it is not medically necessary. This surgery occurred in 2023, despite Defendant's denial.

17. Defendant alleges *inter alia* that inpatient care was not medically necessary under the Plan.

18. At this time, the Plaintiff and his dependent's medical expenses, which were reasonable, necessary and covered by the Plan, have not been paid. These are estimated, at this time, to exceed $100,000.00.

19. Defendant's wrongful conduct includes, but is not limited to:

A. Unreasonably failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B. Failing to provide an adequate review and appeal, in violation of the Plan's provisions;

C. Failing to act in Plaintiff's best interest;

D. Failing to consider credible evidence of medical necessity;

E. Failing to consider Plaintiff's dependent's prior medical history;

F. Failing to reasonably interpret and apply the terms of the Plan;

G. Failing to conduct a reasonable investigation into the Plaintiff's claims;

H. Relying on medical guidelines and/or other documents that were not properly disclosed to Plan members; and

I. Reaching inconsistent determinations on what care is medically necessary without conducting a rational analysis.

20. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including medical expenses for necessary and appropriate treatment, as well as financial stress, upset, anxiety and the like.

## BREACH OF CONTRACT

21. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

22. A contract of insurance exists between Plaintiff and Defendant to provide health insurance benefits.

23. Plaintiff has complied with all terms and conditions of the policy.

24. Defendant has breached its contract with Plaintiff by denying care that is reasonable, necessary and covered under the terms of the Plan.

25. Plaintiff has suffered injuries, damages and losses as a result.

## BAD FAITH BREACH OF CONTRACT

26. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

27. Defendant's breach of contract as set forth herein violated the duty of good faith and fair dealing owed to Plaintiff and his dependent.

28. Defendant's handling of Plaintiff's claim was unreasonable and in bad faith, as set forth herein.

29. Defendant's failure to pay benefits was unreasonable and in bad faith, as set forth herein.

30. Plaintiff has suffered injuries, damages and losses as a result.

## STATUTORY BAD FAITH

31. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

32. Defendant's breach of contract and failure to pay benefits when due was unreasonable, as set forth herein.

33. Defendant has violated the provisions of C.R.S. §§10-3-1115 and 1116, because it had unreasonably denied or delayed payment of first party insurance benefits.

## DAMAGES

34. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of health insurance benefits and related expenses. Plaintiff has also incurred attorney's fees and costs as a result of Defendant' conduct.

WHEREFORE, the Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A. Compensatory damages as proven, including but not limited to all insurance benefits wrongfully denied/delayed, emotional upset, financial stress, anxiety and the like, and any and all other consequential losses of Defendant's conduct alleged herein.

B. Costs of suit according to law, including but not limited to expert witness fees.

C. Attorney fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendant, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying

        negligence, or asserting any substantially groundless affirmative defense.

D.      Interest pursuant to C.R.S. §13-21-101 and/or other provision of law.

E.      Statutory damages for unreasonable breach of insurance contract including treble damages, attorney fees, costs and interest at 18%.

F.      Such other and further relief as the Court deems fit.

Respectfully submitted this 27th day of June, 2023.

                              SILVERN & BULGER, P.C.

                              *s/Thomas A. Bulger, Esq.*
                              Thomas A. Bulger, Esq.
                              Counsel for Plaintiff
                              363 South Harlan Street, Suite 205
                              Lakewood, Colorado 80226
                              (303) 292-0044
                              Facsimile: (303) 292-1466
                              counsel@silvernbulger.com

**Plaintiffs' address**:
4332 Picadilly Drive
Fort Collins, Colorado 80526